LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone, | No. CV 02-1128-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden Ivan Bartos, et al., | |
| Defendants. | |

By Order and Judgment entered August 30, 2005 (Doc. ##121-122), the Court granted Defendants' Motion for Summary Judgment and dismissed the action. Presently pending is Plaintiff's "Motion for Order to Compel Defendants to Show Cause Why Plaintiff was Placed on a Maximum Security Unit" (Dkt. #125). Defendants have filed a response (Dkt. #126). The Court will deny Plaintiff's motion.

Because Plaintiff submitted his motion after entry of judgment, the Court must treat it either as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A Rule 59 motion must be filed within ten days of entry of judgment. FED. R. CIV. P. 59(e). Calculation of the ten-day time period does not include weekends or legal holidays. See FED. R. CIV. P. 6(a). Judgment was entered on August 30, 2005, and Plaintiff's motion therefore was due on September 14, 2005.

1   His motion was received on September 9, 2005, and the Court will therefore consider it under
2   Rule 59(e).

3       "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly
4   unusual circumstances, unless the district court is presented with newly discovered evidence,
5   committed *clear error*, or if there is an intervening change in the controlling law.'"
6   McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc, per curiam*) (emphasis
7   in original) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)),
8   cert. denied, 529 U.S. 1082 (2000). This type of motion seeks "a substantive change of mind
9   by the court." Tripati v. Henman, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting Miller v.
10  Transamerican Press, Inc., 709 F.2d 524, 526 (9th Cir. 1983)).

11      Prior to dismissal of his action, Plaintiff filed several motions seeking injunctive relief
12  on the basis that his placement was a threat to his safety. He was denied relief. In the
13  present motion, Plaintiff requests the Court to order Defendants to show cause why he was
14  denied placement in protective segregation and instead placed in a maximum security unit
15  intended for inmates with higher security rating than him. Plaintiff believes that the
16  placement is retaliatory for his litigation activities. If Plaintiff seeks to assert a claim that he
17  was retaliated against based on his conduct in the present lawsuit, he must raise it in a new
18  action. He already has raised a strikingly similar retaliation claim in another action. See
19  Slone v. Arizona Dep't of Corr., No. CV 04-2548-PHX-MHM (DKD) (D. Ariz.) (Dkt. #9,
20  First Am. Compl., Count I). Plaintiff cannot raise new claims via a post-judgment motion
21  in the present action.

22      In addition, if Plaintiff's motion were interpreted as a request for injunctive relief (as
23  Defendants have argued), it is also improper. A party seeking preliminary injunctive relief
24  "must necessarily establish a relationship between the injury claimed in the motion and the
25  conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)
26  (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction
27  against alleged acts in retaliation for filing claim). In other words, Plaintiff must seek
28

1  injunctive relief related to the merits of his underlying claim.  Because there presently is no
2  complaint pending, Plaintiff's request is not properly before the Court at this time.
3       **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. #125) is
4  **denied**.
5       DATED this 25th day of September, 2005.

_____
Mary H. Murguia
United States District Judge

- 3 -