**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Clinton Joseph Slone, | ) | No. CIV-02-1128-PHX-MHM (DKD) |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| Warden Ivan Bartos; Officer Stemple;<br>Sargent Farley; and Dora Schriro, | )<br>)<br>) | |
| Defendants. | )<br>) | |
| _____ | ) | |

Pending before the Court is Petitioner's post-judgment request for a transcript (Doc. #131). The Clerk of Court charges $3.30 per page for any transcript. See Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976).

The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings. § 1915 (c)(2). Specifically, the *in forma pauperis* statute authorizes the Court to direct payment of the expense in "preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court."  As Plaintiff is

1  seeking the transcript for purposes of appeal, the *in forma pauperis* statute does not authorize

2  the payment of the expense in preparing a transcript.

3       Additionally, 28 U.S.C. §753(f) provides that fees for transcripts furnished in other

4  than criminal and habeas corpus proceedings to persons permitted to appeal as indigents will

5  be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not

6  frivolous but presents a substantial question. 28 U.S.C. §753(f).  However, on October 21,

7  2005, the Court found Mr. Slone's appeal was not taken in good faith. The Supreme Court

8  has set out a two part test for section 1983 claims alleging prison officials were deliberately

9  indifferent to an inmates safety, providing: (1)  the deprivation must be objectively,

10  sufficiently serious; and (2) the  prison official must have had, subjectively, a "sufficiently

11  culpable state of mind." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). Plaintiff has failed to

12  allege any conditions of confinement which are objectively or subjectively sufficiently

13  serious. Plaintiff neither alleges prison officials exposed him to any intolerable risk of attack

14  nor has Plaintiff presented any evidence demonstrating Defendants were deliberately

15  indifferent to a substantial risk of serious harm. Instead the undisputed evidence demonstrates

16  Defendants investigated Plaintiff's claims and transferred him to another prison. Furthermore,

17  in the instant motion, other than requesting the Court permit Plaintiff to proceed on appeal

18  *in forma pauperis*, Plaintiff fails to state any basis to support his appeal.

19       **Accordingly,**

20       **IT IS HEREBY ORDERED** Plaintiff's Motion Requesting Portions of a

21  November 1, 2002 transcript is **DENIED**. (Dkt. #131).

22       DATED this 8th day of November, 2005.

23

24

25  _____
       Mary H. Murguia
      United States District Judge

26

27

28